From J. Perry Eckels, Meadville, Pa.

## Mt. Pocono Borough v. Coolbaugh Township.

*C. Raymond Bensinger*, for plaintiff; *Frank B. Holmes*, for defendant.

SHULL, P. J., January 12, 1931.—This matter is submitted to the court on a case stated. The issue raised in this case is in what proportion should the assets which were of the township at the time of the creation of the borough be divided between the township and the borough.

### Findings of fact.

First. That the Borough of Mt. Pocono was erected from a portion of the Township of Coolbaugh, County of Monroe and State of Pennsylvania, on July 12, 1927.

Second. That the assets to be considered and adjusted under the law are $9577.81.

Third. That the only debts to be considered in the adjustment amount to $4000.

Fourth. That the assets for distribution or apportionment are $5577.81.

Fifth. That the total assessed valuation of Coolbaugh Township for the year 1927 was $980,279.

Sixth. That the assessed valuation of Coolbaugh Township for the year 1928 was $466,024.

Seventh. That the assessed valuation of the Borough of Mt. Pocono for the year 1928 was $514,255.

### Discussion.

The basis on which counsel for the Township of Coolbaugh urges that the distribution of the assets which were involved in this controversy should be made is the number of miles of road which remain respectively in the Township of Coolbaugh and in the Borough of Mt. Pocono. While this proposition is most ingeniously presented, we cannot agree with the theory that this would bring about a just division of these assets. The money received from taxation was, of course, collected on the basis of the assessed valuation of the properties in the township and the greater portion came from that portion of Coolbaugh Township which is now the Borough of Mt. Pocono, because of the greater assessment in that portion of the township. As a part of Coolbaugh Township, what is now the Borough of Mt. Pocono was charged with the responsibility of road upkeep, the same as any or all other portions of the township, but with the erection of the borough, by operation of law, that responsibility ceased. The unexpended moneys become merely assets to be apportioned and returned to the source through which or by means of which they accrued, and where a fund has been accumulated for a particular purpose or purposes and the carrying out of such purpose or purposes is no longer possible under the law, under which circumstances the law directs the apportioning of the assets, the just proportion, as we view it, should be a return to the source from which they came in proportion to the amount that came into the fund from such source.

The township, by reason of the erection of the borough, may suffer a resulting hardship by reason of the miles of road within its boundaries, but we cannot view that as an element to be considered in an equitable distribution of this fund. Past maintenance would, of course, be a liability to be paid from the general fund before any apportionment could be made, but, as this proposition is presented to us, it is tantamount to asking future assistance in the maintenance of these roads and that liability does not attach to the portion of the township which became the Borough of Mt. Pocono. It ceased with the erection of the borough, and, to the mind of the court, it would be just as equitable to ask that Mt. Pocono Borough be required to continue to pay a portion of the maintenance of these roads for the following year or

years as it is to ask that a greater portion of these assets be awarded to the Township of Coolbaugh at this time by reason of these roads.

Under section 703 of the Act of May 4, 1927, it is provided: "The adjustment shall be based upon the assessments of the townships for the year in which such boroughs were incorporated," and section 707 provides:

"Each borough, in any of the cases aforesaid, shall be credited with its proper share of any unappropriated balance in the treasury of such townships at the end of the current year during which such borough shall have been incorporated, and the court may equitably apportion the same." And, as we have said and conclude, under the law this apportionment should be proportionate to the assessed valuation of the township and the borough respectively, and, therefore, we apportion the same as follows:

Total assessment, $980,279. Assessment of the Borough of Mt. Pocono, $514,255; assessment of the Township of Coolbaugh, $466,024; amount due the Borough of Mt. Pocono, 514,255/980,279 of $5577.81, or $2926.12; amount due to Coolbaugh Township, 466,024/980,279 of $5577.81, or $2651.69.

And now, January 12, 1931, decree *nisi* is entered in accordance with the above and foregoing opinion, the cost of this proceeding to be paid by the parties in the same proportion in which the distribution is made, and unless exceptions be taken to this decree *nisi*, as provided by the Equity Rules, counsel for plaintiff is directed to prepare and submit final decree in accordance herewith that the same may be entered by the court.

From C. C. Shull, Stroudsburg, Pa.